UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VLADIMIR GRIGOUS,

    Petitioner,  :  NO. 03cv30302-MAP

  v.

JOHN ASHCROFT, ATTORNEY
GENERAL, UNITED STATES OF
AMERICA, et al.

    Respondents.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The petitioner filed this action on December 11, 2003, seeking habeas corpus relief from a final order of removal. A virtually identical petition is pending in the United States District Court for the District of Connecticut. Under the first-filed rule, this duplicate petition should be dismissed.

## BACKGROUND

On August 19, 2002, the petitioner, by his attorney Michael G. Moore, filed a petition for habeas corpus relief in the United States District Court for the District of Connecticut.[1] The Connecticut petition alleges that an immigration judge ordered the petitioner's deportation after he and his counsel failed to appear for an August 26, 1998, hearing. Exhibit A.

There have been extensive proceedings in the Connecticut case. Ex. B. See also Ex. C, which summarizes the proceedings

---

[1] The petitioner was not and is not in custody. At the time of the filing, he resided in West Granby, Connecticut. He now resides in West Springfield, Massachusetts.

up through September 25, 2003. Most recently, the government requested a hearing to resolve issues relating to the petitioner's legal representation to ensure finality and a just result. Ex. D. Various motions, including a motion to transfer, are pending. Ex. B, Docket 1, 11, 16, 18, 19, 20.

## ARGUMENT

**THE PETITION SHOULD BE DISMISSED BECAUSE A PRIOR IDENTICAL PETITION IS PENDING IN ANOTHER JURISDICTION**

The instant petition should be dismissed because it involves the same issues as those raised by the petition pending in the District of Connecticut. Where two lawsuits involve the same issues, the first-filed lawsuit should proceed and the second action should be dismissed. TPM Holdings Inc. V. Intra-Gold Industries, Inc., 91 F.3d 1, 4 (1st Cir. 1996).

> Obvious concerns arise when actions involving the same parties and similar subject matter are pending in different federal district courts: wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs. . . . Where the overlap between two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to deter.

Id. at 4.[2] There are only "certain special circumstances" when the court should "allow a later-filed case to proceed."

---

[2] In TPM, 91 F.3d at 4, the overlap was "less than complete," therefore, the court held that it was appropriate to exercise jurisdiction over the second-filed lawsuit.

Kleinerman v. Luxtron Corp., 107 F.Supp.2d 122, 124 (D. Mass. 2000).

No such special circumstances exist here. The parties and claims are identical and the District of Connecticut has invested significant time and effort in the case. Accordingly, this court should dismiss the instant lawsuit.[3]

## CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

KAREN L. GOODWIN
ASSISTANT UNITED STATES ATTORNEY
1550 Main Street
Springfield, MA 01103
413-785-0235

Dated: 1/15/04

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, first-class, postage prepaid, on this 15th day of January, 2004, to:

Susan DeGrave
1242 Main Street
Springfield, MA 01103

Karen L. Goodwin
Assistant United States Attorney

---

[3] Any claim that the case belongs here because the plaintiff now resides in Massachusetts should be resolved in the first instance in Connecticut, where a motion to transfer is pending.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VLADIMIR GRIGOUS,                           Docket No. 3:02 cv 1440 (CFD)
A# 70 583 407
        Petitioner

                                                                8/19/02

v.
                                                                Habeas
JOHN ASHCROFT, Attorney                                         Petition
General of the United States,               August 19, 2002
        Respondent

## PETITION FOR HABEAS CORPUS AND STAY OF REMOVAL

Petitioner has received a final order from agents of the Respondent, ordering him to be removed to the Ukraine. He could be apprehended and removed at any time. Petitioner resides in West Granby, Connecticut. For the reasons in the accompanying memorandum, the decision by the BIA was incorrect.

Petitioner moves this Court to stay his removal, hear his habeas petition and order his case remanded.

                                                    Michael G. Moore
                                                    107 Oak Street
                                                    Hartford, Ct 06106
                                                    413/747-9331
                                                    ct# 11961



GOVERNMENT
EXHIBIT
A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VLADIMIR GRIGOUS,                    Docket No.
A# 70 583 407
    Petitioner

v.

JOHN ASHCROFT, Attorney
General of the United States,
    Respondent                    August 19, 2002

## MEMORANDUM IN SUPPORT OF HABEAS PETITION AND STAY REQUEST

Petitioner is a citizen of the former Soviet Union who resided in what is now the Ukraine. He has been in the United States since 1990. He applied for political asylum. That case was scheduled to be heard on August 26, 1998. (Exhibit 1)

When Petitioner failed to appear, the immigration judge ordered removal. On September 28, 1998, the I.J. denied a Motion to Reopen (Exhibit 2). On August 14, 2002, counsel for Petitioner received notice that the appeal to the Board of Immigration Appeals (BIA) was prefunctorily dismissed. (Exhibit 3)

The decision by the BIA violated its own precedent decisions. Under the holding of M-S, Interim Decision 3369, (BIA, 1998) if one seeks reopening for relief from deportation without challenging the finding of deportability, the motion is controlled by INA Sec. 242B(e)(1). That section requires that oral warnings of failure to appear must be given or relief is not precluded. Oral warnings must be given in addition to any other type of warning given by the court or required under different parts of the Act.

Petitioner had submitted an asylum request to agents of the Respondent. That request was transferred from the asylum office to the immigration judge. Petitioner claimed that he had been persecuted because of his political beliefs. The asylum office referred his case because of inconsistencies and lack of details. (Exhibit 4)

Because the motion to reopen met the standards set forth by 8 C.F.R. Secs. 3.2(b)(3) and 3.2(c) and there is a reasonable likelihood of success on the merits, the case should have been remanded to the I.J. in accordance with the holding of M-S

For the above reasons, Petitioner moves this court to stay his removal, hear his petition and remand his case.

*[signature]*
Michael G. Moore
107 Oak Street
Hartford, Ct 06106
Ct# 11961
413/747-9331

### Certificate of Service

I hereby certify that I have sent a copy of the foregoing to the United States Attorney on August 19, 2002, to 157 Church Street, New Haven, CT 06520.

*[signature]*
Michael G. Moore

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BOSTON, MASSACHUSETTS

File: A70 583 407

In the Matter of                    )
                                    )
Vladimir GRIGOUS,                   )    IN DEPORTATION
                                    )    PROCEEDINGS
Respondent                          )

CHARGE:   Section 241(a)(1)(B) of the Immigration and Nationality Act ("the Act")
          [8 U.S.C. § 1251(a)(1)(B)] - Remained Longer Than Permitted

APPLICATIONS:   Motion to Reopen

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:
Michael G. Moore, Esq.                Asst. District Counsel
1694 Main Street                      Trial Attorney Unit - INS
Springfield, MA 01103                 JFK Federal Bldg., Rm. 425
                                      Boston, Massachusetts 02203

*Decision of the IJ 9/28/98*

## DECISION OF THE IMMIGRATION JUDGE

On September 24, 1998, the respondent, through counsel, filed a motion to reopen removal proceedings in the above referenced matter. On February 11, 1998, the respondent without cause failed to appear before this Court for his originally scheduled hearing. He was accordingly ordered removed in absentia on that date. On March 6, 1998, the respondent filed a motion to reopen with the Court establishing his failure to appear was due to serious illness. That motion was granted on March 12, 1998. After re-calendering the case, the respondent's counsel requested a continuance for he was to be on vacation on the re-rescheduled hearing date. The Court allowed counsel's motion for continuance and rescheduled the case for August 26, 1998. Both the respondent and his counsel failed to appear for the hearing and the respondent was again ordered removed in his absence. The respondent now asserts that his counsel failed to appear for the respondent's hearing because he was at the Immigration Court in Hartford, Connecticut representing another client. As of the date of this decision, the Immigration and Naturalization Service ("the Service") has not filed a response to the respondent's motion to reopen.

A hearing in absentia is appropriate where the alien had notice of his hearing, had an opportunity to attend, and showed no reasonable cause for his failure to appear. Matter of Patel,

19 I & N Dec. 260 (BIA 1985), aff'd, Patel v. INS, 803 F.2d 804 (5th Cir. 1986); Matter of Marallag, 13 I & N Dec. 775 (BIA 1971).

An in absentia order of deportation may only be rescinded by filing a motion to reopen with the Immigration Judge within 180 days after the date of the order of deportation if the alien demonstrates that his failure to appear was because of exceptional circumstances (as defined in section 240(e)(1) of the Act) or upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien. INA §240(b)(5)(C); Matter of Gonzalez-Lopez, Int. Dec. 3198 (BIA 1993).

The respondent's motion to reopen will be denied. First, the respondent has failed to give any explanation for his failure to appear before this Court as ordered. To the extent that counsel's excuse for his non appearance is justifiable, it does not relieve the respondent of his obligation to appear. Second, the fact that counsel for the respondent did not notify the Boston Immigration Court of the conflict is inexcusable for he was duly notified of the hearing date and had sufficient time to protect the interest of both his clients by requesting permission not to appear from either Court. Counsel's actions are unforgivable especially in light of the fact that counsel had requested and been granted a continuance for the Master Calendar hearing scheduled for August 5, 1998 because of his vacation. Counsel was notified on June 8, 1998 that this case would be reassigned for August 26, 1998 and at no time did he notify this Court that he had a conflict. As counsel's non appearance is not a basis for reopening, and the respondent does not advance any reason for his failure to appear for his hearing, his motion will be denied. The Court notes that the removal order mistakenly provides for the removal of the respondent to the United Kingdom. In light of the error the Court will issue an amended order correcting the country of removal to Ukraine.

Accordingly, the following order shall enter:

ORDER: IT IS ORDERED that the Respondent's Motion to Reopen removal proceedings be, and the same is hereby DENIED.

9/28/98
Date

LEONARD I. SHAPIRO
United States Immigration Judge

A73549854/mtr/ts

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

RE:  GRIGOUS,VLADIMIR
FILE:  A70-583-407

DATE:  Jun 8, 1998

TO:       MICHAEL G. MOORE
          ATTORNEY AT LAW
          1694 MAIN STREET
          SPRINGFIELD, MA  01103

*Notice to Appear issued on 6/18/98 for 8/26/98 Master hearing*

    Please take notice that the above captioned case has been
MASTER hearing before the Immigration Court on Aug 26, 1998 at
              JFK FEDERAL BLDG., ROOM 320
              BOSTON, MA  02203-0002
    You may be represented in these proceedings, at no expense
Government, by an attorney or other individual who is authorize
to represent persons before an Immigration Court.  Your hearing
been scheduled earlier than 10 days from the date of service of
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.
    Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:  (1) You may be taken into
custody by the Immigration and Naturalization Service and held for further
action. OR (2) Your hearing may be held in your absence under section 240(b)(5)
of the Immigration and Nationality Act.  An order of removal will be entered
against you if the Immigration and Naturalization Service established by
clear, unequivocal and convincing evidence that a) you or your attorney has
been provided this notice and b) you are removable.
    IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT
CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION
COURT BOSTON, MA   THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
    A list of free legal service providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180
or 703-305-1662.
                       CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:    MAIL (M)       PERSONAL SERVICE (P)
TO: [ ] ALIEN    [ ] ALIEN c/o Custodial Officer   [✓] ALIEN's ATT/REP  [✓] INS
DATE: __6/8/98_____ BY:  COURT STAFF _____               V3
    Attachments:  [✓] EOIR-33   [ ] EOIR-28   [✓] Legal Services List  [ ] Other
RVG



## U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Moore, Michael G.
20 Maple Street, Suite 302
Springfield, MA 01103-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: GRIGOUS, VLADIMIR                     A70-583-407

**Date of this notice:** 08/14/2002

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Lori Scialabba*

Lori Scialabba
Acting Chairman

[handwritten annotation: BIA's affirmation of IJ's decision]

Enclosure

Panel Members:
    HESS, FRED

[stamp: Board of Immigration Appeals SECOND MAILING    Date: 8/14/2002    Initials: DJL]

U.S. Department of Justice

Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

Date:

File:   A70-583-407 - Boston

MAY 14 2002

In re:  GRIGOUS, VLADIMIR

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Moore, Michael G.

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 3.1(a)(7).

_____
FOR THE BOARD



# U.S. Immigration & Naturalization Service
### Asylum Office
1200 Wall Street West, 4th Floor
Lyndhurst, New Jersey 07071

Vladimir GRIGOUS
141 Case Street
West Granby, CT 06090

Date: June 12, 1997

File #: A70 583 407

### Referral Notice

Dear Mr. GRIGOUS:

This letter refers to your Request for Asylum in the United States (Form I-589). Applicants for asylum must credibly establish that they have suffered past persecution or have a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, and that they merit a grant of asylum in the exercise of discretion.

For the reason(s) indicated below, we have not granted your claim for asylum:

1. ☐  You failed to appear for your scheduled asylum interview, or failed to provide a competent interpreter, and did not show good cause.

2. ☐  You have not established that you are a refugee because:

    A. Past Persecution

        ☐  You did not describe any instances of suffering harm in the past.

        ☐  You have not established that any harm you experienced in the past, considering incidents both individually and cumulatively, amounts to persecution.

        ☐  You have not established that any harm you experienced in the past is on account of one of the protected characteristics in the refugee definition (race, religion, nationality, membership in a particular social group, or political opinion).

    **AND**

    B. Future Persecution

        ☐  You have not expressed a fear of future persecution.

        ☐  You have not established that there is a reasonable possibility you would

*[handwritten annotation: INS Asylum Office Referral Notice - 6/12/97 -denying Asylum claim and referring him to IJ]*

suffer persecution in the future.

- ☐ You have not established that any future harm you fear is on account of one of the protected characteristics in the refugee definition (race, religion, nationality, membership in a particular social group, or political opinion).

- ☐ You have not established that the persecution you fear in the future exists throughout your country (or, if stateless, country of last habitual residence) or that it would be unreasonable for you to relocate within that country to avoid future persecution.

- ☐ You have not established that your fear of future persecution is well-founded, because you have not shown that your government is unable or unwilling to protect you from the harm you fear.

3. ☐ Although the evidence indicates that you are a refugee because you were persecuted in the past on account of a protected characteristic in the refugee definition, the INS has referred your request as a matter of discretion because:

    - ☐ A preponderance of the evidence establishes that country conditions have changed to such an extent that you do not have a well-founded fear of future persecution,

    - ☐ A preponderance of the evidence establishes that, in your particular case, there is not a reasonable possibility you would suffer persecution if you were to return to your country (or, if stateless, country of last habitual residence),

    - ☐ A preponderance of the evidence establishes that the threat of persecution you fear does not exist country-wide and it would be reasonable for you to relocate within your country (or, if stateless, country of last habitual residence) to avoid future persecution,

    and there are no compelling reasons arising from the severity of the past persecution or other compelling humanitarian reasons to grant asylum in the absence of a well-founded fear of future persecution.

4. ☐ You are barred by statute from a grant of asylum for the following reason(s):

    - ☐ You were convicted of an aggravated felony or other particularly serious crime.

    - ☐ There are serious reasons for believing that you committed a serious nonpolitical crime outside the United States before you came to the United States. (Applies only to applicants who applied for asylum on

2

or after April 1, 1997.)

☐ There are reasonable grounds for regarding you as a danger to the security of the United States.

☐ Evidence indicates that

   ☐ you have engaged in terrorist activity.

   ☐ you are engaged in or are likely to engage in terrorist activity.

   ☐ you are a representative of an organization that has been designated by the Secretary of State as a foreign terrorist organization.

   ☐ you have incited terrorist activity. (Applies only to applicants who applied for asylum on or after April 1, 1997.)

☐ Evidence indicates that you ordered, incited, assisted, or otherwise participated in the persecution of others on account of race, religion, nationality, membership in a particular social group, or political opinion, and you failed to establish by a preponderance of the evidence that you did not.

☐ You were firmly resettled in a third country.

☐ You were previously denied asylum in the United States by an Immigration Judge or the Board of Immigration Appeals and you failed to demonstrate the existence of changed circumstances that materially affect your eligibility for asylum. (Applies only to applicants who applied for asylum on or after April 1, 1997.)

5. ☐ You are a citizen or national of another country in addition to the country of persecution, and you have not established that you were persecuted or have a well-founded fear of persecution on account of a protected ground in that other country.

6. ☑ After careful consideration of all available information and explanations at your asylum interview, your claim was deemed not credible on the basis of:

   ☑ Material inconsistency(ies) between your testimony and application and/or other evidence

   ☐ Material inconsistency(ies) within your testimony

   ☑ Material inconsistency(ies) with country conditions information

   ☑ Lack of detail(s) on material points

3

Brief Explanation: _____
_____
_____
_____

7. ☐ Other Reason for Referral:
_____
_____
_____
_____

Based on the above reasons(s), your case has been referred to an immigration judge. This is not a denial of your asylum application. You may request asylum again before an immigration judge and your request will be considered (without additional refiling) when you appear before an immigration judge at the date and time listed on the attached charging document. The determinations that we have made in referring your application are not binding on the immigration judge, who will evaluate your claim anew.

Sincerely,

*M. Wallick*
Susan Dibbins,
Acting Director,
Newark Asylum Office

(Rev. 3/31/97)

4

# U.S. District Court
# District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:02-cv-01440-CFD

Grigous v. Attorney General
Assigned to: Christopher F. Droney
Referred to:
Demand: $0
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 08/19/02
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**
-----------------------

**Vladimir Grigous**  represented by **Michael G. Moore**
Law Offices of Maria De Castro Foden
107 Oak St.
Hartford, CT 06106
860-278-3001
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roberto T. Lucheme**
41 Hebron Ave.
Glastonbury, CT 06033
860-633-1962
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**
-----------------------

**Attorney General, Usa**  represented by **Carolyn Aiko Ikari**
U.S. Attorney's Office-HFD
450 Main St. Room 328
Hartford, CT 06103
860-947-1101
Fax : 860-240-3291
Email: carolyn.ikari@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|


GOVERNMENT EXHIBIT B

| | | |
|---|---|---|
| 08/19/2002 | 1 | PETITION for writ of habeas corpus & Motion to Stay Removal FILING FEE $ 5.00 RECEIPT # H007083 (Part 1 of 2) (Ferguson, L.) (Entered: 08/19/2002) |
| 08/19/2002 | 1 | Petition for Writ of Habeas Corpus & MOTION by Vladimir Grigous to Stay Removal (Part 2 of 2) (Ferguson, L.) (Entered: 08/19/2002) |
| 08/19/2002 | 2 | MEMORANDUM by Vladimir Grigous in support of [1-1] motion to Stay Removal, [1-1] petition (Ferguson, L.) (Entered: 08/19/2002) |
| 08/21/2002 | 3 | ORDERED that the respondent shall file a response on 09/18/02 as to why the relief prayed for in the [1-1] motion to Stay of Removal and [1-1] petition shall not granted, Brief Deadline set for 9/18/02 [1-1] motion to Stayof Removal ( signed by Judge Christopher F. Droney ) (Grady, B.) (Entered: 08/21/2002) |
| 09/11/2002 | 4 | MOTION by Attorney General to Extend Time to 10/18/02 to respond to Writ of Habeas Corpus (Grady, B.) (Entered: 09/12/2002) |
| 09/17/2002 | | ENDORSEMENT granting [4-1] motion to Extend Time to 10/18/02 to respond to Writ of Habeas Corpus ( signed by Judge Christopher F. Droney ) (Grady, B.) (Entered: 09/17/2002) |
| 10/17/2002 | 5 | MOTION by Attorney General to Extend Time to 10/25/02 to respond to Petition for Writ of Habeas Corpus (Ferguson, L.) (Entered: 10/17/2002) |
| 10/22/2002 | | ENDORSEMENT granting [5-1] motion to Extend Time to 10/25/02 to respond to Petition for Writ of Habeas Corpus ( signed by Judge Christopher F. Droney ) (Grady, B.) (Entered: 10/23/2002) |
| 10/25/2002 | 6 | MEMORANDUM by Attorney General in opposition to [1-1] petition for habeas corpus (Grady, B.) (Entered: 10/29/2002) |
| 11/05/2002 | 7 | RESPONSE by Vladimir Grigous to opposition [1-1] petition-writ (Grady, B.) (Entered: 11/06/2002) |
| 02/28/2003 | 8 | RULING granting [1-1] motion to Stay Removal. The parties shall appear for a hearing on 04/09/03 at 10:00 a.m. ( signed by Judge Christopher F. Droney ) 2 Page(s) (Grady, B.) (Entered: 03/31/2003) |
| 04/09/2003 | 9 | Conflict of interest Hearing held ( CFD) Reporter/ECRO: Marshall (Grady, B.) (Entered: 04/10/2003) |
| 05/15/2003 | 10 | APPEARANCE of Attorney for Attorney General -- Carolyn Aiko Ikari (Grady, B.) (Entered: 05/15/2003) |

| | | |
|---|---|---|
| 09/22/2003 | 11 | MOTION by Vladimir Grigous to Change Venue (Brief Due 10/13/03 ) (Johnson, D.) (Entered: 09/23/2003) |
| 09/22/2003 | 12 | MEMORANDUM by Vladimir Grigous in support of [11-1] motion to Change Venue (Johnson, D.) (Entered: 09/23/2003) |
| 09/25/2003 | 13 | MOTION by Attorney General to Stay Proceedings (Grady, B.) (Entered: 09/26/2003) |
| 10/02/2003 | 14 | Ineffective Counsel Hearing held ( CFD) Reporter/ECRO: Marshall (Grady, B.) (Entered: 10/03/2003) |
| 10/06/2003 | | ENDORSEMENT granting [13-1] motion to Stay Proceedings. Case Stayed 10/6/03 ( signed by Judge Christopher F. Droney ) (Grady, B.) (Entered: 10/06/2003) |
| 10/15/2003 | 15 | NOTICE of Appearance by Roberto T. Lucheme on behalf of Vladimir Grigous (Grady, B.) (Entered: 10/23/2003) |
| 10/15/2003 | 16 | MOTION for Decision by Vladimir Grigous. Responses due by 11/5/2003 (Grady, B.) Modified on 10/24/2003 (Grady, B.). (Entered: 10/23/2003) |
| 10/23/2003 | 17 | Memorandum in Opposition to 16 MOTION to decide this case on the merits filed by Attorney General, Usa and MOTION for order directing petitioner to obtain interpreter. (part 1 of 2) (Grady, B.) (Entered: 10/24/2003) |
| 10/23/2003 | 18 | Memorandum in Opposition to 16 MOTION to decide this case on the merits and MOTION for order directing petitioner to obtain interpreter by Attorney General, Usa. (Grady, B.) Modified on 10/24/2003 (part 2 of 2) (Grady, B.). (Entered: 10/24/2003) |
| 11/05/2003 | 19 | MOTION for Sanctions and opposition to MOTION for Translator and reply to opposition to MOTION for Decision by Vladimir Grigous.Responses due by 11/26/2003 (Grady, B.) (Entered: 11/07/2003) |
| 11/05/2003 | 20 | Motion for Sanctions and Memorandum in Opposition to 18 MOTION for directing petitioner to obtain interpreter and reply to opposition to Motion for Decision filed by Vladimir Grigous. (Grady, B.) Modified on 11/10/2003 (Grady, B.). (Entered: 11/10/2003) |
| 11/05/2003 | 21 | MOTION for Sanctions and opposition to MOTION for Translator and reply to opposition to 16 MOTION decide this case on the merits filed by Vladimir Grigous. (Grady, B.) (Entered: 11/10/2003) |

| 11/07/2003 | 22 | Memorandum in Opposition to 19 MOTION for Sanctions and in reply to opposition to MOTION for Translator filed by Attorney General, Usa. (Grady, B.) (Entered: 11/13/2003) |

|  PACER Service Center  |||
|---|---|---|
| Transaction Receipt |||
| 01/12/2004 08:15:42 |||
| **PACER Login:** | us6906 | **Client Code:** |
| **Description:** | Docket Report | **Case Number:** 3:02-cv-01440-CFD |
| **Billable Pages:** | 2 | **Cost:** 0.14 |