UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VLADIMIR GRIGOUS, | : | |
| Petitioner, | : | CIVIL NO. 3:02CV1440(CFD) |
| v. | : | |
| JOHN ASHCROFT, ATTORNEY GENERAL, UNITED STATES OF AMERICA, | : | |
| Respondent. | : | OCTOBER 25, 2002 |

## MEMORANDUM IN OPPOSITION TO PETITION FOR HABEAS CORPUS

Pursuant to this Court's Order dated August 20, 2002, the Attorney General hereby respectfully submits this response to Petitioner's Petition For Habeas Corpus And Stay of Removal (document no. 1) dated August 19, 2002. On August 26, 1998, Petitioner, who is from the Ukraine, was ordered removed from the United States by an Immigration and Naturalization Service ("INS") Immigration Judge ("IJ") when he failed to appear for a hearing on his claim of asylum.

In this case, subject matter jurisdiction is lacking and the petition should be dismissed. If the Court disagrees and decides that exercise of habeas jurisdiction is allowed despite the authority cited herein, then the Respondent respectfully requests that a conflicts waiver hearing be held before further addressing the claims in the petition.

### BACKGROUND

Claim for Asylum. Petitioner was born on April 21, 1957, in the former Soviet Union, in what is currently the Ukraine. On September 3, 1990, Petitioner and his wife arrived in the



United States on a tourist visa. According to notes in the INS file, his two children remained behind in Ukraine and his wife later returned to Ukraine. Petitioner overstayed his visa, and on January 20, 1993 he filed a Request for Asylum. He claimed entitlement to asylum because he had been persecuted for being a Ukrainian Catholic and later opposed repopulation of the Chernobyl disaster area, subjecting him to being beaten and demoted.[1]

Hearing Before Immigration Judge. On June 12, 1997, the application for asylum was not granted by INS and automatically referred to an IJ for a hearing on further review. The IJ hearing was scheduled for August 26, 1998 (Exhibit 4, Notice of Hearing, June 8, 1998), having been re-scheduled at Petitioner's attorney's request due to the attorney's vacation plans. (Exhibit 5, Motion of Michael G. Moore.) According to the Certificate of Service, the Notice of Hearing was dispatched to Attorney Moore's Springfield address by mail. There is no indication or claim that Petitioner did not receive notice of this hearing.

On August 26, 1998, the IJ convened the hearing in Boston, Massachusetts. Neither Petitioner nor his counsel attended. Pursuant to his statutory authority, the IJ deemed Petitioner's request for asylum abandoned and issued an Order of Removal in absentia. (Exhibit 6.)

On September 6, 1998, Petitioner, through counsel, moved to reopen the proceedings. The motion stated that counsel was in attendance in a different immigration court on that date. It

---

[1] Petitioner's claim is based on "grave mistreatment and suffering at the hands of the Soviet system," a government no longer in existence. See Petitioner's Affidavit dated Jan. 29, 1993, ¶ 2 (Exhibit 1). See also Request for Asylum (Exhibit 2). Respondent notes that when these claims were reviewed by the INS Officer, Petitioner was deemed not credible. Referral Notice at 3 and attached Assessment/Referral Memo at 1-2 (Exhibit 3). Petitioner acknowledged that he and his family practiced their faith without interference in Soviet Ukraine; that he never lost any salary for refusing to work in Chernobyl; and that he abandoned that line of work and started a taxi business the year before departing Ukraine. He refused to address the question whether he had a fear of returning to Ukraine, only that he has started a business in the United States and would not be able to build a life in Ukraine. Assessment/Referral Memo (Exhibit 3) at 1-2.

also pointed out a minor error in the removal order (which was subsequently fixed by amending the removal order). The entirety of the motion reads as follows:

> On August 26, 1998, the Complainant was ordered removed as neither he nor his counsel were present for the hearing.
>
> On that date, counsel for the alien was in Immigration Court in Hartford, Connecticut, representing **Carlton Whitehorn**, A# 35 973 284 so that he was unable to attend the hearing in Boston on the instant case.
>
> In addition, the respondent was ordered removed to the to the United Kingdom. Mr. Grigous, through counsel, states that he has never even visited the United Kingdom. As the I-862 alleges, Mr. Grigous is a citizen of the Ukraine. It does not mention presence or claim to return to the United Kingdom.
>
> For these reasons, Mr. Grigous respectfully asks this court to reopen this case.

(Exhibit 7.) The Petitioner did not and does not assert that he or his counsel did not have notice of the hearing, only that they both should be excused after the fact from attending it.

By decision dated September 28, 1998, the Immigration Judge denied the motion to reopen, stating that the Petitioner failed to present any cognizable ground for excusing either his own or his counsel's failure to appear. (Exhibit 8.)

Appeal to Board of Immigration Appeals ("BIA").

On December 10, 1998, Petitioner appealed to the BIA. (Alien's Appeal Brief, Exhibit 9.) By decision dated May 14, 2002, a three-member panel of the BIA affirmed the IJ's decision per curiam and without opinion. (Transmittal Letter and Decision of the Board of Immigration Appeals, Exhibit 10.)

District Court Action

On August 19, 2002, Petitioner filed a Petition For Habeas Corpus and Stay of Removal,

along with a two-page memorandum in support (document nos. 1 & 2). On August 20, 2002, this court ordered INS to respond and to provide the Court 21 days' notice before deporting Petitioner (document no. 3).

## ARGUMENT

### I. THERE IS NO HABEAS CORPUS JURISDICTION IN THIS COURT.

According to both INS records and the Petition, Petitioner is at liberty and resides in West Granby, Connecticut. Petition at 1. He is a "non-criminal alien," that is, he is a non-citizen subject to removal for a reason other than criminal conviction. See Liu v. INS, 293 F.3d 36, 37 n.1 (2d Cir. 2002). He is not, nor has he ever been, in INS or federal custody. As far as INS is aware, he is not in the custody of state or local authorities. There has been no detainer issued. Even though the BIA decision of May 22, 2002, rendered the 1998 Order of Removal final, there has been no enforcement action by INS in the five months elapsed. There are no travel arrangements for Petitioner's departure, nor has Petitioner been notified of any such arrangements.

Petitioner seeks a writ of habeas corpus from a final order of removal. A writ of habeas corpus serves as relief from unlawful custody or imprisonment. Deutsch v. United States, 943 F.Supp. 276, 278 (W.D.N.Y. 1996). However, in order for the court to have jurisdiction to issue a writ of habeas corpus, the petitioner must be in the custody of the authority against whom the relief is sought. Id.; See 28 U.S.C. § 2241(c); Dearmas v. Immigration and Naturalization Serv., NO. 92 Civ. 8615, 1993 WL 213031, at *2 (S.D.N.Y. 1993)(Attachment A); Severino v. Thornburgh, 778 F. Supp. 5, 6 (S.D.N.Y. 1991). Petitioner cannot meet this requirement because he is neither in federal nor INS custody.

District courts in this circuit have routinely held that even the filing of an INS detainer notice does not satisfy the in custody requirement for habeas jurisdiction. Dearmas, 1993 WL 213031, at * 3 (citing Severino v. Thornburgh, 778 F.Supp. 5, 7 (S.D.N.Y. 1991); Paulino v. Connery, 766 F.Supp. 209, 211-12 (S.D.N.Y. 1991); Garcia v. McClellan, 91 Civ. 3225 (RWS), 1991 WL 90755, at *1 (S.D.N.Y. 1991)(Attachment B); Fernandez-Collado v. Immigration and Naturalization Serv., 644 F.Supp. 741, 743-44 (D. Conn. 1986), aff'd mem., 857 F.2d 1461 (2d Cir. 1987); see also Castronova v. United States, 94-CV-606S, 1995 WL 604327 (W.D.N.Y. August 29, 1995)(Attachment C); Saywack v. Attorney General, 91 Civ. 7797 (PNL), 1993 WL 205121 (S.D.N.Y. June 9, 1993); Hechavarria-Castellano v. Immigration and Naturalization Serv., Civ. No. H-84-498 (JAC), 1985 WL 6439 (D. Conn. April 12, 1985)(Attachment D). A detainer provides "notice that future INS custody will be sought at the time of deportation." Andriianov v. Meisner, No. 97-CV-781, 1998 WL 106239, *3 (N.D.N.Y. Mar. 3, 1998)(Attachment E). INS has not issued a detainer, since Petitioner is not in the custody of state or local authorities. Nor has INS taken any enforcement action against Petitioner. At this time, therefore, this Court has no jurisdiction to issue a writ of habeas corpus to the Petitioner and this matter should be dismissed in its entirety.

## II. IF, CONTRARY TO THE AUTHORITY SET FORTH ABOVE, THIS COURT DECIDES IT MAY EXAMINE THE PETITION, A CONFLICT WAIVER HEARING SHOULD BE HELD FIRST.

Although deportation proceedings are civil in nature and do not implicate the Sixth Amendment's right to effective assistance of counsel in criminal proceedings, the Second Circuit has recognized claims based on ineffective assistance of counsel in deportation proceedings where

it can be said that "counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." Rabiu v. INS, 41 F.3d 879, 882 (2d Cir. 1994).

"To prevail on such a claim, the petitioner must make a two-part showing: 1) 'that competent counsel would have acted otherwise,' and 2) 'that he was prejudiced by his counsel's performance.'" Id. (quoting Esposito v. INS, 987 F.2d 108, 111 (2d Cir. 1993)). "In order for [the petitioner] to show that his attorney's failure . . . caused him actual prejudice, he must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." Id. (i.e., failure to submit application for INA § 212(c) relief).

There is no claim of ineffective assistance of counsel in the Petition, nor was one raised in the underlying Motion to Reopen. The record is silent on whether Attorney Moore advised Petitioner of his rescheduled asylum hearing with the IJ. Even after the IJ noted that Petitioner's own failure to appear was material to the outcome, implicitly inviting him to offer the immigration court an explanation or excuse, no argument has been advanced on behalf of Mr. Grigous that his failure to appear should have been excused. The facts of this case suggest that a failure on the part of Attorney Moore may have been the cause of Petitioner's default on his claim of asylum.

Furthermore, Respondent notes that Petitioner failed to proceed, as was his right, with a Petition For Review directly with the Court of Appeals for the First Circuit. See 8 U.S.C. § 1252(b)(2). In a Petition For Review, Mr. Grigous could have been afforded review of the entire record of this proceeding. Instead, Attorney Moore has proceeded with the instant habeas petition. Because a habeas proceeding is limited to "pure questions of law," it will not afford

- 6 -

Petitioner the opportunity to revisit the underlying issues of fact determined by the Immigration Judge. Pickett v. Immigration and Naturalization Serv., 3:02CV622(JBA), 2002 WL 1359671 at *7 (D. Conn. Jun. 19, 2002)(Attachment F).

As Petitioner has been represented throughout the relevant proceedings by Attorney Moore and is still represented by Attorney Moore, it is appropriate to ascertain whether the Petitioner knowingly waives any potential claim for ineffective assistance of counsel, whether with regard to the basis for the Motion To Reopen, the form of judicial review sought, or any other matter.

For these reasons, if the Court determines that it may exercise habeas jurisdiction despite the absence of detention of the Petitioner, the Respondent requests a hearing in which the Petitioner is fully informed by the Court of the potential conflict of interest presented by his counsel and is questioned to determine whether he wishes to waive any possible claim of ineffective assistance of counsel.[2]

## CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus should be

---

[2] If these proceedings continue, Respondent reserves the right to present any and all arguments, as appropriate, including but not limited to (1) the scope of habeas review does not permit the judicial review sought by Petitioner, Pickett v. Immigration and Naturalization Serv., 3:02CV622(JBA), 2002 WL 1359671 at *7 (D. Conn. Jun. 19, 2002)(Attachment F); (2) the governing statute compels the IJ to issue a removal order in absentia when an alien fails to appear under the circumstances of this case, 8 U.S.C. § 1229a(5)(A); (3) the regulation cited by Petitioner, 8 C.F.R. § 3.2, is not applicable to motions to reopen when the order of removal was issued in absentia in this manner; (4) the IJ followed the correct standard for determining motions to reopen directed at removal orders issued in absentia, 8 U.S.C. § 1229a(5)(A); and (5) the BIA did not abuse its discretion when it affirmed the IJ's decision to deny the motion to reopen, see Fuentes-Argueta v. Immigration and Naturalization Serv., 101 F3d 867, 870 (2d Cir. 1996). However, without knowing whether Petitioner has knowingly disclaimed any assertion of ineffective assistance of counsel, the Respondent is not able to appropriately address these issues.

dismissed and the Court's order regarding prior notice to the Court of pending deportation should be vacated.

        Respectfully submitted,

        JOHN A. DANAHER III
        UNITED STATES ATTORNEY


        CAROLYN A. IKARI
        ASSISTANT UNITED STATES ATTORNEY
        450 Main Street, Room 328
        Hartford, Connecticut 06103
        (860) 947-1101
        Federal Bar No. ct13437

        MATTHEW SKAHILL
        LAW STUDENT INTERN
        450 Main Street, Room 328
        Hartford, Connecticut 06103
        (860) 947-1101

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, first-class, postage prepaid, on this 25th day of October, 2002, to:

Michael G. Moore
Law Offices of Maria De Castro Foden
107 Oak Street
Hartford, CT 06106

        _____
        CAROLYN A. IKARI
        ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VLADIMIR GRIGOUS, | : | |
| Petitioner, | : | CIVIL NO. 3:02CV1440(CFD) |
| v. | : | |
| JOHN ASHCROFT, ATTORNEY GENERAL, UNITED STATES OF AMERICA, | : | |
| Respondent. | : | SEPTEMBER 25, 2003 |

## MOTION FOR STAY OF PROCEEDINGS

### Background

This is a habeas action brought by a non-criminal alien seeking relief from a final order of deportation. By Ruling dated March 28, 2003, this Court stayed Petitioner's deportation until further notice from the Court. On April 9, 2003, this Court attempted to hold a conflict hearing to ascertain whether the petitioner wanted to continue being represented by Attorney Michael Moore and whether he wished to exercise a fully-informed waiver of any ineffective assistance of counsel claim concerning Attorney Moore. Unfortunately, the petitioner was not able to fully participate in the hearing without a Russian interpreter, and the hearing was continued.

The continuation of the conflict hearing is now scheduled for October 2, 2003. Also, Attorney Moore just filed a motion for change of venue on September 22, 2003. For the reasons set forth herein, the respondent respectfully requests that the hearing be canceled and all proceedings be stayed until Attorney Moore's admission in this court is adjudicated or he withdraws his Appearance.

## Disbarment of Attorney Moore

Attorney Moore is admitted to this district court, but has not been a member of the Connecticut bar since approximately 1975, when he resigned in conjunction with grievance and criminal proceedings. His attempt to be reinstated was rejected by the Connecticut state court in approximately 1981. However, it appears that Attorney Moore retained his admission to this court.

In 1994, Attorney Moore was admitted to the bar in Massachusetts. On August 8, 2003, he was disbarred for lying on his bar application. The Memorandum of Decision and Judgment of Disbarment are attached. Moore has sought review by the full panel of the Massachusetts Supreme Judicial Court, but his request for stay was denied and the Judgment of Disbarment is effective.

Thus, Michael Moore, attorney for Petitioner, does not hold a license to practice law from any jurisdiction. He is not under the supervision of nor subject to discipline by any licensing body. Also, proceedings in this case lack finality: any waiver given by Petitioner or any decision rendered by this court would be subject to a later challenge by the petitioner if he wishes to argue that his representation, rendered by a disbarred attorney, was inadequate. It is inappropriate for these proceedings to continue under these circumstances.

It is the understanding of the Office of the U.S. Attorney that Mr. Moore's status to practice in this court will soon be adjudicated pursuant to Rule 83.2(f) of the Local Rules of Civil Procedure in a separate civil proceeding. This case could then resume upon the conclusion of that adjudication. The respondent has no objection to the stay of deportation continuing while this issue is resolved. Respondent assumes that the petitioner is not prejudiced by the delay, as it

simply permits him to remain in this country for a longer period of time.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut 06103
(860) 947-1101
Federal Bar No. ct13437

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been sent via facsimile (without attachments) to:

(860) 244-9626

and mailed, first-class, postage prepaid, on this 25th day of September, 2003 to:

Michael G. Moore
Law Offices of Maria De Castro Foden
107 Oak Street
Hartford, Connecticut 06106

Michael G. Moore
1694 Main Street
Springfield, Massachusetts 01103.

CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY

- 3 -