UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VLADIMIR GRIGOUS, | : | |
| Petitioner, | : | CIVIL NO. 3:02CV1440(CFD) |
| v. | : | |
| JOHN ASHCROFT, ATTORNEY GENERAL, UNITED STATES OF AMERICA, | : | |
| Respondent. | : | OCTOBER 23, 2003 |

**RESPONDENT'S OPPOSITION
TO PETITIONER'S MOTION FOR DECISION (Doc. #16) AND
MOTION FOR ORDER DIRECTING PETITIONER TO OBTAIN INTERPRETER**

Mr. Grigous, the petitioner in this immigration matter, has apparently retained new counsel, but this does not solve the problems presented by Mr. Grigous' having been represented by now-disbarred attorney Michael Moore at both the administrative and district court levels. The Government respectfully submits this brief memorandum to list the many questions that must be addressed before this case can properly proceed on the merits.

Background

This is a habeas action brought by a non-criminal alien, not currently in the Government's physical custody, who is seeking relief from a final order of deportation. Petitioner's order of deportation is due, at least in part, to his and Mr. Moore's failure to appear for a Boston hearing in the underlying administrative proceedings. Because the same attorney, Mr. Moore, represented Petitioner then and represents him now in this petition, a potential conflict is presented. The Government was granted a hearing to obtain a legally adequate waiver of any claim of inadequate



GOVERNMENT EXHIBIT D

assistance of counsel. That hearing has been attempted twice but has been continued due to lack of language interpretation and, more recently, on October 2, the Petitioner's failure to appear.

Recently, Petitioner's counsel was disbarred in Massachusetts. He is not licensed to practice law by any other state, having resigned from the Connecticut bar (but not this federal bar) many years ago. On October 2, 2003, this Court granted the Government's motion for stay of proceedings until (1) the reciprocal discipline proceeding in this district, which is separate from this action, is concluded or (2) Mr. Moore's appearance is withdrawn. Neither condition has yet been satisfied.

Petitioner's "Motion For Decision"

On October 14, 2003, Attorney Robert Lucheme, using identical typefaces, format, and citation form as Mr. Moore's pleadings (except for the handwritten bar number), filed an Appearance and "Motion For Decision," asserting that Petitioner does not and cannot have a inadequate assistance of counsel claim. Attorney Lucheme is completely wrong. To the contrary, the record, as it stands now, could be subject to a claim of ineffective assistance of counsel, depending on how the facts bear out. See Scorteanu v. Immigration and Naturalization Serv., 339 F.3d 407, 413 (6th Cir. 2003)(alien whose later-disbarred attorney failed to inform him of INS hearing may have Due Process claim and be entitled to equitable tolling). This is exactly the reason a conflict hearing was required in the first place.[1]

---

[1] The possibility that Attorney Lucheme's incorrect assertion was made at the prompting of Attorney Moore is particularly troubling given (1) Attorney Moore's recent attempt to have this action transferred to a different district and (2) his tender to the Respondent, on the eve of the last hearing, of a signed stipulation of dismissal with prejudice. Respondent's counsel did not feel comfortable signing and filing the stipulation. When asked about it at the hearing, Mr. Moore said that he was no longer interested in filing it if the Court was going to proceed with that day's hearing. The succession of these events raises serious questions whether Mr. Grigous is

## A Hearing Is Still Required

Thus, in order to assure finality to these proceedings and ensure a just result in this case, the Government respectfully requests that the originally-contemplated hearing be held. Despite the appearance of successor counsel, it is necessary to inquire directly with Mr. Grigous and his new counsel, under oath, as to the following matters:

- Did Mr. Grigous receive, as required by the Massachusetts Judgment Of Disbarment, a copy of the Ruling in Mr. Moore's disciplinary proceeding? Was he able to understand it?

- Why hasn't Mr. Moore complied with the motion and notice requirements of Rule 7(e) of the Local Rules of Civil Procedure in this action?

- How did Mr. Grigous come to be represented by Attorney Lucheme? Undersigned counsel notes that he was in the courtroom for the last hearing, apparently at Mr. Moore's invitation.

- What is the fee-sharing or financial agreement between Mr. Moore and Attorney Lucheme in this case? Do they or have they shared fees in any other case, and do they have any other financial or personal connection?

- Does Attorney Lucheme have experience litigating an immigration matter in federal court? What are his qualifications to do so? According to Internet sources, the areas of emphasis in Attorney Lucheme's practice are dog bite cases and fire department law.

- Is Attorney Lucheme admitted to the bar of the district of Massachusetts, where Petitioner apparently seeks to have this action transferred?

- Has Attorney Lucheme actually met Mr. Grigous? Are they able to adequately

---

being adequately protected by his attorneys.

- communicate despite any language barrier?
- Was Mr. Moore able to adequately communicate with Mr. Grigous despite any language barrier?
- Did Mr. Moore advise Mr. Grigous of the date and time of the underlying INS hearing, that it was important and that he should attend?
- Did Mr. Moore tell Mr. Grigous that a default order of deportation was entered because neither he nor Mr. Moore showed up for the immigration hearing?
- Did Mr. Moore advise Mr. Grigous that his failure to appear was important and that he should provide an explanation for not attending?
- Did Mr. Moore advise Mr. Grigous that Mr. Moore later explained to INS that he missed the hearing because he was in Hartford immigration court representing someone else, but that he did not submit an explanation or excuse for Mr. Grigous' failure to appear?
- Did Mr. Moore explain to Mr. Grigous that he could have sought a petition for review of the BIA final decision in the First Circuit Court of Appeals?
- Did Mr. Moore explain that although Mr. Moore was not admitted to practice in the First Circuit, there were other means for Mr. Grigous to file such a petition, such as doing it himself or finding another attorney?
- Did Mr. Moore explain that bringing a habeas petition, instead of a petition for review in the court of appeals, limits him to challenges based on questions of law and constitutional violations?
- Does Mr. Grigous wish to continue with this matter in the way proposed by Attorney Lucheme? Is he willing to forever give up any argument that the default for failure to

appear, the failure to adequately justify it later, or the choice of a more limited appellate forum was Mr. Moore's fault?

Interpreter

Also, the Government has learned that the Clerk does not have funds allocated to pay the expenses of a Ukrainian language interpreter when the hearing reconvenes. Neither INS nor the U.S. Attorney's Office has the funds to pay for expenses necessitated by civil plaintiffs who sue the Government. Therefore, the Respondent respectfully requests an order directing Petitioner to supply the interpreter for the hearing, since he is the one who requires the services.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>
> CAROLYN A. IKARI
> ASSISTANT UNITED STATES ATTORNEY
> 450 Main Street, Room 328
> Hartford, Connecticut  06103
> (860) 947-1101
> Federal Bar No. ct13437

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, first-class, postage prepaid, on this 23rd day of October, 2003 to:

Roberto T. Lucheme
41 Hebron Avenue
Glastonbury, Connecticut 06033

Michael G. Moore
Law Offices of Maria De Castro Foden
107 Oak Street
Hartford, Connecticut 06106

Michael G. Moore
1694 Main Street
Springfield, Massachusetts 01103.

_____
CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| VLADIMIR GRIGOUS, : | |
| : | |
| Petitioner, : | CIVIL NO. 3:02CV1440(CFD) |
| : | |
| v. : | |
| : | |
| JOHN ASHCROFT, ATTORNEY : | |
| GENERAL, UNITED STATES OF : | |
| AMERICA, : | |
| : | |
| Respondent. : | NOVEMBER 7, 2003 |

**RESPONDENT'S MEMORANDUM IN OPPOSITION TO MOTION FOR SANCTIONS AND IN REPLY TO OPPOSITION TO MOTION FOR TRANSLATOR**

Respondent, the Attorney General of the United States, respectfully submits this opposition and response to Petitioner's omnibus motion and memorandum [doc. # not yet entered ], in which Petitioner (1) seeks sanctions against the Government and undersigned counsel, (2) offers to waive any ineffective assistance claim concerning Attorney Michael Moore, (3) seeks cancellation of the conflicts hearing, and (4) objects to having to provide and pay for an interpreter so that the Court can understand the petitioner.

First, I must acknowledge that I was wrong on page 3 of my earlier papers about Attorney Lucheme being in the courtroom for the last hearing. Attorney Moore introduced me to an attorney who was seated in the gallery while we were waiting for Mr. Grigous (who did not arrive). Obviously I did not remember the attorney's name correctly and jumped to conclusions when Attorney Lucheme entered his Appearance soon thereafter. I apologize to Attorney Lucheme and to the Court for my mistake. Nevertheless, the issue of the connection, if any, between Attorney Moore (who has not withdrawn his Appearance) and Attorney Lucheme is a

valid one, regardless of his attendance or lack thereof at the previously-attempted hearing. Respondent stands by his suggested list of questions on this issue set forth in his earlier pleading.

Second, I attempted no "background investigation" of Attorney Lucheme fueled by "the power of the Government." I simply typed his name into the Internet search engine yahoo.com, as I usually do when there is opposing counsel with whom I am not familiar. The question of Attorney Lucheme's familiarity with immigration law also remains an entirely fair one. If Attorney Lucheme does not have an already-existing competence in immigration law, it suggests he may be relying on Michael Moore in this matter. If Michael Moore is still advising Petitioner, then any conflicts waiver is arguably flawed and the Government does not get the finality we are looking for in these proceedings.

Third, Respondent makes the following brief reply concerning the interpreter: Petitioner incorrectly anticipates that he can expect the services of the Russian interpreter who appeared for the last hearing. That last time could be considered a "freebie" on the Government's dime, occurring only because of a misunderstanding between the U.S. Attorney's Office and the Court staff. We were willing to foot the bill on a one-time-only basis just to get the conflict issue resolved, once and for all. The Clerk does not have the funds to pay for Petitioner's interpreter. See 28 U.S.C. §§ 1827(c)(2), (g)(4); Message from Victoria Minor, Deputy Clerk of the District Court for the District of Connecticut. The U.S. Attorney's Office does not have any funds allocated to pay for its civil opponents' costs, nor should it. For pre-trial purposes, the party seeking translation bears the cost. In re Puerto Rico Elec. Power Authority, 687 F.2d 501, 509 (1st Cir. 1982). In this instance, the Court seeks the translation, not the respondent. In Respondent's view, Petitioner brought this action and it is his burden to provide the means to

- 2 -

adequately communicate with the Court. See In re Puerto Rico Elec. Power Authority, 687 F.2d at 506 (starting from the "well-accepted principle that each party bear the ordinary burden of financing his own suit"); Rule 43(f), Fed. R. Civ. P. (permitting Court to direct a party to pay interpreter's compensation).

Finally, Attorney Lucheme argues that the translator issue is dispositive of the merits of the original petition. We disagree. It is true that a key part of the underlying issue is the adequacy of notice to the petitioner pursuant to applicable law. However, the Government intends to argue that the undisputed notice to Attorney Moore was sufficient. See Scorteanu v. Immigration and Naturalization Serv., 339 F.3d 407, 410 (6th Cir. 2003)(citing INA § 242B(a)(2)). Therefore, whether notice was given by the INS directly to Petitioner in any language is irrelevant.

For the foregoing reasons, the Government respectfully requests that Petitioner's Motion For Decision [doc. # 16] be denied, Petitioner's Motion For Sanctions [doc. # not yet entered] be denied, Respondent's Motion For Translator [doc. #17 & #18] be granted, and the conflicts hearing rescheduled as soon as practicable.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut 06103
(860) 947-1101
Federal Bar No. ct13437

- 3 -

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed, first-class, postage prepaid, on this 7th day of November, 2003 to:

Roberto T. Lucheme
41 Hebron Avenue
Glastonbury, Connecticut 06033

Michael G. Moore
Law Offices of Maria De Castro Foden
107 Oak Street
Hartford, Connecticut 06106

Michael G. Moore
1694 Main Street
Springfield, Massachusetts 01103.

_____
CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY